UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



08 CV 03452

VICTORIA'S SECRET STORES
BRAND MANAGMENT, INC.,

            Plaintiff,

      v.

INTERTEX APPAREL LTD. and
MACY'S, INC.,

            Defendants.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, VICTORIA'S SECRET STORES BRAND MANAGMENT, INC.

("plaintiff" or "Victoria's Secret"), by its attorneys, for its complaint against INTERTEX

APPAREL LTD. ("Intertex") and MACY'S, INC. ("Macy's") (hereinafter collectively,

"defendants"), alleges:

## THE PARTIES

1.      Plaintiff, Victoria's Secret, is a Delaware corporation, having its

principal office and place of business at Four Limited Parkway, Reynoldsburg, Ohio

43068. Victoria's Secret is qualified to do business, and is doing business, in the State of

New York, and in this judicial district.

2.      Defendant, Intertex, is a New York corporation, having its

principal office and place of business at 1400 Broadway, 18th Floor, New York, New

York 10018 in this judicial district.

3.    Defendant, Macy's, Inc., is a Delaware corporation, having its principal office and place of business at 7 West Seventh Street, Cincinnati, Ohio 45202. Macy's is qualified to do business, and is doing business, in the State of New York, and in this judicial district.

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a). This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.    This Court has personal jurisdiction over defendants on the grounds that (a) defendants are doing business and/or transacting business within the State of New York out of which plaintiff's causes of action arise, and (b) defendants have committed, and are continuing to commit, tortious acts of trademark infringement and unfair competition.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because a substantial part of the events giving rise to plaintiff's causes of action occurred in this district, and because defendants reside, transact business, are subject to personal jurisdiction, and/or have substantial contacts within this judicial district.

## NATURE OF THE ACTION

7.    In 2001, plaintiff, owner of the famous VICTORIA'S SECRET trademark, created and developed a new and unique brand of casual clothing, including sweat suits, pajamas and loungewear, in addition to lingerie, geared to college-age

women that plaintiff marketed and sold under the mark VICTORIA'S SECRET PINK (the "VS PINK" brand or mark).

8.    As a result of plaintiff's distinctive designs for its VS PINK apparel and its high quality, the VS PINK brand has become extremely popular among young women and generated substantial sales for plaintiff.  As is the case with all VICTORIA'S SECRET merchandise, the VS PINK brand is sold exclusively through VICTORIA'S SECRET specialty retail stores, the VICTORIA'S SECRET catalogue, and plaintiff's websites at www.victoriassecret.com and www.vspink.com.

9.    With full knowledge of the success and popularity of plaintiff's VS PINK brand, and intending to trade upon its reputation and goodwill, defendants, alone and in combination with each other, are advertising and selling through Macy's department stores "knock-offs" of plaintiff's VS PINK apparel, under the mark PINKISH, which are lower in price and of inferior quality to that of plaintiff (the "Pinkish Apparel").  Attached hereto, and incorporated herein by reference as Exhibit A, is a true and accurate copy of defendant Macy's advertisement of defendants' Pinkish Apparel.

10.    Plaintiff brings this action for trademark infringement and for unfair competition against defendants for violations of federal and state law on the grounds that defendants' Pinkish Apparel has been designed to be confusingly similar to plaintiff's VS PINK apparel so that consumers are likely to believe that such apparel is that of plaintiff, or is licensed or otherwise approved or sponsored by plaintiff, and/or that plaintiff's VS PINK apparel is no longer exclusively associated with or available through plaintiff's VICTORIA'S SECRET stores, catalogue and websites.

## FACTS COMMON TO ALL COUNTS

**The VS PINK Mark**

11.     Victoria's Secret is the owner of Registration Nos. 2,820,380 and 2,992,758 of the trademark VICTORIA'S SECRET PINK for various articles of clothing, true and accurate copies of which are attached hereto, and incorporated herein by reference as Exhibit B.

12.     In conjunction with its VS PINK brand, Victoria's Secret often uses as a trademark, and as its mascot, the silhouette of a dog rendered in the color pink (the "PINK DOG mark"), an example of which appears below:



Victoria's Secret is the owner of several pending trademark applications for registration of the PINK DOG mark.

13.     The VS PINK and PINK DOG marks are inherently distinctive and/or have acquired distinctiveness through secondary meaning by virtue of plaintiff's extensive use thereof throughout the United States, which has made them well-known to the trade and members of the purchasing public.

14.     By virtue of plaintiff's prior adoption and use in interstate commerce, the VS PINK and PINK DOG marks have come to identify to the public apparel that is offered exclusively by plaintiff and available only through plaintiff's retail stores, catalogue, and websites.

15.     Pursuant to separate agreements, plaintiff authorizes its related companies to use the VICTORIA'S SECRET trademark in the operation of their retail stores, catalogue and internet businesses. Through these affiliated businesses, the

VICTORIA'S SECRET megabrand, which encompasses retail stores, catalogue and internet sales, collectively generated sales exceeding $5 billion in 2007. Plaintiff's sales of apparel under the VS PINK and PINK DOG marks represent a significant component of its overall sales.

16.    Based on plaintiff's extensive advertising and sales of apparel bearing the VS PINK and PINK DOG marks, and because of the superior quality of such apparel, the VS PINK and PINK DOG marks have acquired goodwill of inestimable value.

17.    In addition to the VS PINK and PINK DOG marks, plaintiff is the owner of many other trademarks that incorporate the word PINK, referred to herein as "PINK variations", which include PHI BETA PINK, Reg. No. 3,386,282, for clothing, namely, boxer shorts, panties, shirts, sleepwear and t-shirts, in use since 2005, along with the following trademark applications that also cover apparel in International Class 25:

| Serial No. | Mark | IC 025 Goods |
|---|---|---|
| 78/737,062 | PINK IS LIFE | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |
| 78/720,294 | PINK UNIVERSITY | Camisoles, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, shorts, sweat shirts, sweat shorts and other goods included in application but not referenced herein. |
| 78/720,303 | PINK U | Camisoles, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, shorts, sweat shirts, sweat shorts and other goods included in application but not referenced herein. |
| 78/748,674 | LIFE IS PINK PINK IS LIFE | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |

| Serial No. | Mark | IC 025 Goods |
|---|---|---|
| 78/763,394 | V.I. PINK | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |
| 78/737,057 | LIVE IN PINK | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |
| 78/737,045 | LIVE FOR PINK | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats |
| 78/693,242 | LOVE PINK VICTORIA'S SECRET  | Footwear. |
| 78/603,791 | LOVE PINK VICTORIA'S SECRET  | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |
| 78/748,684 | PINK IS LIFE LIFE IS PINK | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |
| 78/750,262 | PINK WITH ENVY | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleep wear, shirts, boxers, scarves and hats. |

| Serial No. | Mark | IC 025 Goods |
|---|---|---|
| 78/739,301 | HOTEL PINK | Clothing, namely, pants, slips, camisoles, robes, socks, vests, jackets, bras, panties, t-shirts, tank tops, sweat pants, sleepwear, shirts, boxers, scarves and hats. |

Plaintiff's VS PINK apparel typically features the word PINK prominently displayed on the garment, such as along the side of a pant leg, across the backside of pants or shorts, on the backs or fronts of shirts and sweat shirts, and as part of a crest, seal or logo graphic. Other design features include the PINK DOG mark, hearts, stylized "P" designs, one or more of the PINK variations, and crown designs. A representative sampling of the merchandise assortment in the VS PINK line is attached hereto, and incorporated herein by reference as Exhibit C.

**The Unlawful Activities of Defendants**

18.    Defendant, Intertex, is a manufacturer and importer of branded and private label apparel for men, women and children, which it offers for sale and sells at wholesale to retailers, including defendant Macy's.

19.    Defendant Macy's is the parent company of and operates Macy's and Bloomingdale's department stores, including the Macy's flagship store located in Herald Square at 34th Street and Broadway in New York City.

20.    Defendants have manufactured and imported, or caused to be manufactured and imported, casual women's apparel that mimic plaintiff's VS PINK brand of similar apparel, and are advertising and offering for sale their "knock-off" apparel under the mark PINKISH, which features marks and design elements that are confusingly similar, alone and in combination, to plaintiff's VS PINK and PINK DOG marks and PINK variations.

21.    Defendants' Pinkish Apparel is deliberately designed to confuse purchasers and potential purchasers into the erroneous belief that such apparel is genuine VS PINK apparel, or that it is licensed or authorized by plaintiff.  For example:

- Defendants feature the word PINKISH prominently on their apparel in locations, in fonts, in graphics and in logos virtually identical to the manner in which plaintiff prominently displays the word PINK on its VS PINK apparel;

- Defendants feature the word PINKISH in a crest or surrounded by a wreath substantially similar to how plaintiff frequently displays its VS PINK mark;

- Defendants use a "P" design as part of a crest design that also features elements common to plaintiff's VS PINK apparel;

- Defendants make substantial use of crown designs in conjunction with their PINKISH garments that are indistinguishable from plaintiff's use of crown designs for its VS PINK brand;

- Defendants also use a design of two silhouetted dogs that closely resembles plaintiff's PINK DOG mark along with other imitative elements, such as heart designs and crowns.

True and accurate color photographs depicting samples of defendants' Pinkish Apparel are attached hereto and incorporated herein by reference as Exhibit D.

22.    Defendants, particularly, Macy's, knowing that plaintiff's VS PINK apparel is sold exclusively by Victoria's Secret, are advertising and selling their confusingly similar Pinkish Apparel intending to trade upon the goodwill and reputation

of plaintiff's VS PINK brand, which defendants cannot obtain, and to benefit financially as a result.

23.   All of defendants' acts as set forth herein were and are performed without any license, permission or authorization of plaintiff.

24.   The acts and conduct of defendants have injured plaintiff, and have caused it irreparable harm, as well as damaged plaintiff and the goodwill associated with its VS PINK brand, for which it has no adequate remedy at law.

<u>**COUNT I**</u>

<u>**FEDERAL TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114**</u>

25.   Plaintiff repeats and incorporates herein by reference each and every one of the allegations set forth in paragraphs 1 through 24, inclusive, of this complaint, with the same force and effect as if hereinagain set forth in detail.

26.   Defendants have intentionally copied plaintiff's VS PINK brand and mark, without the authorization, permission or consent of plaintiff, by offering for sale and selling in interstate commerce apparel bearing the mark PINKISH in a manner that is likely to cause confusion, mistake, or deception among purchasers and prospective purchasers as to the true source or origin of defendants' Pinkish Apparel.

27.   Defendants are advertising, offering for sale and selling in interstate commerce items of apparel bearing the mark PINKISH that are reproductions, counterfeits, copies and/or colorable imitations of genuine VS PINK branded apparel, and that are likely to cause confusion, to cause mistake, or to deceive persons into the erroneous belief that defendants' Pinkish Apparel is genuine VS PINK apparel from

plaintiff, or that it is approved, licensed, endorsed or sponsored by plaintiff, or that it is in some way connected with plaintiff.

28.    Defendants' infringement of plaintiff's trademark rights complained of herein is deliberate and willful, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

## FEDERAL UNFAIR COMPETITION - 15 U.S.C. § 1125(a)

29.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations set forth in paragraphs 1 through 28, inclusive, of this complaint, with the same force and effect as if hereinagain set forth in detail.

30.    The Pinkish Apparel sold by defendants in interstate commerce uses marks and names, as well as fonts, graphics, logos and other design features that alone and in combination unlawfully copy plaintiff's VS PINK brand of apparel and mark, PINK DOG Mark and/or PINK variations in a manner likely to cause confusion, to cause mistake, or to deceive persons into the erroneous belief that defendants' Pinkish Apparel is approved, endorsed, licensed or sponsored by, or affiliated, connected or associated in some way with plaintiff, and thereby constitute false designations of origin, false or misleading descriptions or representations.

31.    Defendants' acts and conduct complained of herein constitute deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

## VIOLATION OF SECTION 360-I

## NEW YORK GENERAL BUSINESS LAW

32.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations set forth in paragraphs 1 through 31, inclusive, of this complaint, with the same force and effect as if hereinagain set forth in detail.

33.    Plaintiff's VS PINK and PINK DOG marks are both famous and distinctive.

34.    Defendants' distribution and sale of their Pinkish Apparel is likely to dilute the distinctive quality of plaintiff's VS PINK and PINK DOG marks and, among other things, to diminish their ability to serve as source and product identifiers.

35.    As a direct and proximate consequence of defendants' willful and wanton violation of plaintiff's rights, plaintiff's business reputation and the goodwill associated with its VS PINK and PINK DOG marks and the favorable associations that consumers and the public make with the marks have been diluted, impaired and diminished.

36.    Defendants' acts and conduct described above constitute a violation of Section 360-I of the New York General Business Law.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

## AND UNFAIR COMPETITION

37.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations set forth in paragraphs 1 through 36, inclusive, of this complaint, with the same force and effect as if hereinagain set forth in detail.

38.    Defendants' acts are designed with the intent to mislead and deceive persons into believing that defendants are sponsored, endorsed, licensed or authorized by plaintiff or affiliated, connected or associated in some way with plaintiff, which they are not.

39.    Without plaintiff's authorization, defendants have intentionally and unlawfully copied plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations for the calculated purpose of passing off and/or palming off its Pinkish Apparel as that of plaintiff, thereby trading upon the goodwill and reputation of plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations, thereby deceiving the public as to the true nature and source of defendants' apparel, and falsely suggesting a connection or association with plaintiff, all to defendants' profit and to the damage and detriment of plaintiff.

40.    Defendants' past and continued copying and imitation of the VS PINK brand or mark, PINK DOG mark and/or PINK variations falsely designate the origin of the Pinkish Apparel and are likely to cause consumer confusion, mistake or deception.

41.    Through their sale and distribution of items of apparel substantially similar to those offered by plaintiff and bearing confusingly similar versions of plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations, such as sweat shirts, sweat pants, tank tops, t-shirts, and pajamas prominently bearing the word PINKISH in conjunction with silhouetted dogs, heart designs and crowns, defendants have engaged in a studied effort to copy a significant number of designs and styles in plaintiff's assortment of apparel and thereby pass off and/or palm off their Pinkish Apparel as that

of plaintiff's. By copying so many of plaintiff's different styles, defendants have committed unlawful predatory practices intended to deceive consumers rather than engage in legitimate competition.

42.    Defendants' acts and conduct constitute both trademark infringement and unfair competition under the common law of the State of New York.

WHEREFORE, plaintiff prays:

A.    That defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with them, or any of them, be permanently enjoined and restrained from:

(1)    Using any aspects or features that incorporate, or are substantially identical or confusingly similar to plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations, or that are likely to create an erroneous impression that defendants' Pinkish Apparel originates from plaintiff, or is sponsored, endorsed, licensed or authorized by plaintiff, and from otherwise infringing plaintiff's rights;

(2)    Manufacturing, importing, offering for sale or selling any apparel that bears the mark PINKISH or plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations, or any other brand or mark that is confusingly or deceptively similar to plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations, as to be likely to cause confusion, to cause mistake or to deceive persons into the erroneous belief that defendants' apparel originates from plaintiff, or is sponsored, endorsed, licensed or authorized by plaintiff, or affiliated, connected or associated in some way with plaintiff, and from otherwise infringing plaintiff's rights;

(3)    Using, in connection with defendants' apparel, any false or deceptive designations of origin, false descriptions or representations, or from engaging in any act or series of acts, which either alone or in combination constitute deceptive trade practices or unfair methods of competition with plaintiff that would damage or injure plaintiff or cause plaintiff to suffer an unfair disadvantage in the marketplace, and otherwise interfering with or injuring the business reputation of plaintiff;

(4)    Doing any other act or thing likely to result in the mistaken belief that defendants or their Pinkish Apparel are in any way affiliated, connected or associated with plaintiff; and

(5)    Doing any other act or thing likely to cause or attempt to cause injury to plaintiff, or the goodwill associated with plaintiff's VS PINK brand or mark, PINK DOG mark and/or PINK variations;

B.    That defendants be required to account to plaintiff for any and all profits derived by them, and each of them, and for all damages sustained by plaintiff by reason of defendants' acts complained of herein, and that such damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

C.    That pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, defendants be required to deliver up for destruction all infringing apparel, catalogues, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials and the like in the possession, custody or control of defendants, or any of them, or any of their officers, directors, servants, agents, employees, attorneys or other parties in active concert or participation with them or any of them;

D.    That plaintiff be awarded compensatory damages in an amount to be determined at trial;

E.    That plaintiff be awarded punitive damages against defendants in an amount to be determined at trial;

F.    That plaintiff have and recover from defendants, plaintiff's reasonable attorneys' fees, costs and disbursements of this civil action pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and/or

G.    That plaintiff have such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          April 8, 2008

Respectfully submitted,

**COLUCCI & UMANS**

By: _Frank J. Colucci_
    Frank J. Colucci (FC-8441)
    218 East 50th Street
    New York, New York 10022
    Telephone: (212) 935-5700
    Facsimile:  (212) 935-5728
    Email:  email@colucci-umans.com

Attorneys for Plaintiff,
Victoria's Secret Stores
Brand Management, Inc.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable by a jury.

Dated:    New York, New York
          April 8, 2008

                              Respectfully submitted,

                              **COLUCCI & UMANS**

                              By: *Frank J Colucci*
                              Frank J. Colucci (FC-8441)
                              218 East 50th Street
                              New York, New York 10022
                              Telephone: (212) 935-5700
                              Facsimile:  (212) 935-5728
                              Email:  email@colucci-umans.com

                              Attorneys for Plaintiff,
                              Victoria's Secret Stores
                              Brand Management, Inc.

# EXHIBIT

# A



# EXHIBIT B

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,820,380
Registered Mar. 2, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## VICTORIA'S SECRET PINK

V SECRET CATALOGUE, INC. (DELAWARE CORPORATION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

    FOR: CLOTHING, NAMELY, BRAS, PANTIES, CAMISOLES, PAJAMAS, SLEEP SHIRTS, ROBES AND T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

    FIRST USE 12-0-2001; IN COMMERCE 12-0-2001.

    OWNER OF U.S. REG. NOS. 1,146,199, 2,455,260, AND OTHERS.

    NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PINK", APART FROM THE MARK AS SHOWN.

    SN 76-976,203, FILED 1-25-2001.

GENE MACIOL, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,992,758
Registered Sep. 6, 2005

## TRADEMARK
## PRINCIPAL REGISTER

## VICTORIA'S SECRET PINK

V SECRET CATALOGUE, INC. (DELAWARE CORPORATION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

FOR: CLOTHING, NAMELY, SLIPS, TEDDIES, NIGHTGOWNS, SHIRTS, SWIMWEAR, BODY-SUITS, TAP PANTS, PANTS, SARONGS, GARTER BELTS, STOCKINGS, HOSIERY, PANTYHOSE, SOCKS, TIGHTS AND TEDDIES WITH GARTERS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-0-2004; IN COMMERCE 7-0-2004.

OWNER OF U.S. REG. NOS. 1,146,199, 2,455,260, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PINK", APART FROM THE MARK AS SHOWN.

SN 76-200,191, FILED 1-25-2001.

GENE MACIOL, EXAMINING ATTORNEY

# EXHIBIT C



Victoria's Secret - Product Details

## VICTORIA'S SECRET

BLING SIGNATURE SWEATS

RELATED PRODUCT

SIZE CHART





CLOSE WINDOW



















# VICTORIA'S SECRET



V-NECK HOODIE TEE







# EXHIBIT D

























