IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERTEX APPAREL LTD. and MACY'S INC., <br><br> Defendants. | CASE NO. 08 CV 3452 (SHS) <br><br> **ANSWER OF VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. TO INTERTEX APPAREL LTD.'S COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret" or "Plaintiff"), by and through its attorneys O'Melveny & Myers LLP, hereby responds to the counterclaims of Defendant and Counterclaim Plaintiff Intertex Apparel Ltd. ("Intertex") as follows:

## JURISDICTION AND VENUE

43.     Victoria's Secret states that the allegations contained in paragraph 43 are conclusions of law as to which no response is necessary.

## FACTS

44.     Victoria's Secret admits that Intertex is a manufacturer and importer of branded and private label apparel for men, women, and children. Victoria's Secret lacks knowledge or information sufficient to form belief as to the truth of the allegation that Intertex has offices worldwide and, on that basis, denies it.

45.     Victoria's Secret admits that Intertex has sold apparel that features marks and design elements, individually or in combination, that are virtually identical to the locations, fonts, graphics, logos and manner in which Victoria's Secret displays its marks design elements

on its VS PINK apparel, including display of the word PINKISH, the word PINK in a crest or surrounded by a wreath, a "P" design as part of a crest design, crown designs, a design of two silhouetted dogs along with other imitative elements, such as heart designs and crowns. Except as admitted, Victoria's Secret denies the allegations in paragraph 45.

46. Victoria's Secret admits that the U.S. Patent and Trademark Office's online records provide that Intertex applied for a registration for PINKISH in February 2004, PINKISH was registered in July 2007, and it was assigned the registration number 3261495. Except as admitted, Victoria's Secret denies the allegations in paragraph 46.

47. Victoria's Secret admits that its Complaint states, *inter alia*: "VS PINK apparel typically features the word PINK prominently displayed on the garment, such as along the side of a pant leg, across the backside of pants or shorts, on the backs or fronts of shirts and sweat shirts, and as part of a crest, seal or logo graphic. Other design features include the PINK DOG mark, hearts, stylized 'P' designs, one or more of the PINK variations, and crown designs." Except as admitted, Victoria's Secret denies the allegations in paragraph 47.

48. Victoria's Secret admits the allegations in paragraph 48.

49. Victoria's Secret admits that its Complaint references its trademarks that contain the term PINK. Further, Victoria's Secret admits that Exhibit B to its Complaint contains copies of trademark registration records for VICTORIA'S SECRET PINK, which provide: "No claim is made to the exclusive right to use 'pink," apart from the mark as shown." Except as admitted, Victoria's Secret denies the allegations in paragraph 49.

50. Victoria's Secret admits that Exhibit A to Intertex's counterclaims appears to consist of print outs from websites. Except as admitted, Victoria's Secret denies the allegations in paragraph 50.

51. Victoria's Secret admits that Exhibit B to Intertex's counterclaims is a chart which purports to list trademark registrations. Except as admitted, Victoria's Secret denies the allegations in paragraph 51.

52. Victoria's Secret admits that Exhibit C to Intertex's counterclaims appears to consist of print outs from websites. Except as admitted, Victoria's Secret denies the allegations in paragraph 52.

53. Victoria's Secret admits that Exhibit D to Intertex's counterclaims appears to consist of information about trademark registrations from the U.S. Patent and Trademark Office's website. Except as admitted, Victoria's Secret denies the allegations in paragraph 53.

## COUNT I
## (DECLARATORY JUDGMENT - 28 U.S.C. §2201)
## (PINK)

54. Victoria's Secret admits that Intertex has sold apparel that features marks and design elements, individually or in combination, that are virtually identical to the locations, fonts, graphics, logos and manner in which Victoria's Secret displays its marks design elements on its VS PINK apparel, including display of the word PINKISH, the word PINK in a crest or surrounded by a wreath, a "P" design as part of a crest design, crown designs, a design of two silhouetted dogs along with other imitative elements, such as heart designs and crowns. Except as admitted, Victoria's Secret denies the allegations in paragraph 54.

55. Victoria's Secret admits that its Complaint states, *inter alia*: "Victoria's Secret is the owner of Registration Nos. 2,820,380 and 2,992,758 of the trademark

VICTORIA'S SECRET PINK for various articles of clothing . . . . plaintiff is the owner of many other trademarks that incorporate the word PINK, referred to herein as 'PINK variations,' which include PHI BETA PINK, Reg. No. 3,386,282, for clothing, namely boxer shorts, panties, shirts, sleepwear and t-shirts, in use since 2005. . . ." In addition, Victoria's Secret admits that its Complaint alleges, *inter alia*, that "defendants' Pinkish Apparel has been designed to be confusingly similar to plaintiff's VS PINK apparel so that consumers are likely to believe that such apparel is that of plaintiff, or is licensed or otherwise approved or sponsored by plaintiff, and/or that plaintiff's VS PINK apparel is no longer exclusively associated with or available through plaintiff's VICTORIA'S SECRET stores, catalogue and websites." Except as admitted, Victoria's Secret denies the allegations in paragraph 55.

56.    Victoria's Secret states that the allegations contained in paragraph 56 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

57.    Victoria's Secret states that the allegations contained in paragraph 57 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

58.    Victoria's Secret states that the allegations contained in paragraph 58 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

## COUNT II
### (DECLARATORY JUDGMENT - 28 U.S.C. §2201)
### (The Retriever Logos)

59. Victoria's Secret admits that Intertex has sold apparel that features marks and design elements, individually or in combination, that are virtually identical to the locations, fonts, graphics, logos and manner in which Victoria's Secret displays its marks design elements on its VS PINK apparel, including display of the word PINKISH, the word PINK in a crest or surrounded by a wreath, a "P" design as part of a crest design, crown designs, a design of two silhouetted dogs along with other imitative elements, such as heart designs and crowns. Except as admitted, Victoria's Secret denies the allegations in paragraph 59.

60. Victoria's Secret admits that its Complaint states, *inter alia*: "In conjunction with its VS PINK brand, Victoria's Secret often uses as a trademark, and as its mascot, the silhouette of a dog rendered in the color pink (the 'PINK DOG mark'). . . . Victoria's Secret is the owner of several pending trademark applications for registration of the PINK DOG mark." In addition, Victoria's Secret admits that its Complaint alleges, *inter alia*, that "defendants' Pinkish Apparel has been designed to be confusingly similar to plaintiff's VS PINK apparel so that consumers are likely to believe that such apparel is that of plaintiff, or is licensed or otherwise approved or sponsored by plaintiff, and/or that plaintiff's VS PINK apparel is no longer exclusively associated with or available through plaintiff's VICTORIA'S SECRET stores, catalogue and websites." Except as admitted, Victoria's Secret denies the allegations in paragraph 60.

61. Victoria's Secret states that the allegations contained in paragraph 61 are conclusions of law as to which no response is necessary, but that to the extent any

5

response is required, denies each and every allegation contained therein.

62. Victoria's Secret states that the allegations contained in paragraph 62 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

63. Victoria's Secret states that the allegations contained in paragraph 63 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

## COUNT III
## (DECLARATORY JUDGMENT - 28 U.S.C. §2201)
## (The Other Elements)

64. Victoria's Secret admits that Intertex has sold apparel that features marks and design elements, individually or in combination, that are virtually identical to the locations, fonts, graphics, logos and manner in which Victoria's Secret displays its marks design elements on its VS PINK apparel, including display of the word PINKISH, the word PINK in a crest or surrounded by a wreath, a "P" design as part of a crest design, crown designs, a design of two silhouetted dogs along with other imitative elements, such as heart designs and crowns. Except as admitted, Victoria's Secret denies the allegations in paragraph 64.

65. Victoria's Secret admits that its Complaint states, *inter alia*: "VS PINK apparel typically features the word PINK prominently displayed on the garment, such as along the side of a pant leg, across the backside of pants or shorts, on the backs or fronts of shirts and sweat shirts, and as part of a crest, seal or logo graphic. Other design features include the PINK DOG mark, hearts, stylized 'P' designs, one or more of the PINK variations, and crown designs." Except as admitted, Victoria's Secret denies the allegations in paragraph 65.

6

66. Victoria's Secret states that the allegations contained in paragraph 66 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

67. Victoria's Secret states that the allegations contained in paragraph 67 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

68. Victoria's Secret states that the allegations contained in paragraph 68 are conclusions of law as to which no response is necessary, but that to the extent any response is required, denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. Counterclaim Plaintiffs' claims are barred by the doctrine of unclean hands.

2. Counterclaim Plaintiffs' claims are barred by the doctrine of unjust enrichment.

WHEREFORE, Victoria's Secret prays for judgment against Intertex as follows:

1. That Intertex's counterclaims be dismissed with prejudice, and that Intertex take nothing thereby;

2. That Victoria's Secret be awarded its costs and expenses of incurred herein, including attorneys' fees; and

3. That Victoria's Secret be granted such other and further relief as the Court may deem just and proper.

Dated: May 19, 2008
       New York, New York

O'MELVENY & MYERS LLP

By: _____
    Dale M. Cendali
    Claudia Ray
    Johanna Schmitt
Times Square Tower
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for Plaintiff and Counterclaim Defendant Victoria's Secret Stores Brand Management, Inc.*

1737668

## CERTIFICATE OF SERVICE

I, Emily Blumsack, an attorney at O'Melveny & Myers LLP, certify that on May 19, 2008, I caused to be served by overnight mail and electronic mail on all counsel of record listed below, in an action pending in the United States District Court, Southern District of New York, styled *Victoria's Secret Stores Brand Management, Inc. v. Intertex Apparel Ltd. and Macy's, Inc.*, 08 Civ 03452 (SHS), true and correct copies of the Answer of Victoria's Secret Stores Brand Management, Inc.'s to Intertex Apparel Ltd.'s Counterclaims.

/s/ Emily Blumsack

To:

Carol Matorin
Senior Vice President and Senior Counsel
Victoria's Secret Stores Brand Management, Inc.
1740 Broadway
26th Floor
New York, New York 10019
Tel: (212) 884-3477

Frank J. Colucci, Esq.
Colucci & Umans
218 East 50th Street
New York, New York 10022-7687
Tel: (212) 935-5700
Fax: (212) 935-5728

Martin P. Michael, Esq.
David R. Baum, Esq.
Rebecca Hughes Parker
Sonnenschein, Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
Attorneys for Defendants,
Intertex Apparel Ltd. and Macy's Inc.